UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMAL PROWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:09-CV-529 CAS |
| | ) |
| OM FINANCIAL LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This removed diversity matter is before the Court on plaintiff Jamal Prowell's Motion to File Amended Petition and Motion to Remand. Defendant OM Financial Life Insurance Company ("OM") opposes both motions, and they are fully briefed and ready for decision. For the following reasons, both motions will be denied without prejudice.

**Background**

The petition asserts state law claims against OM for breach of insurance contract and statutory vexatious refusal to pay on a life insurance policy issued by OM to plaintiff's decedent. OM removed the case to this Court on the basis of diversity of citizenship, 28 U.S.C. § 1332(a). Plaintiff moves to amend his petition to join as a party defendant Michael Marion, the insurance agent who prepared the decedent's policy application. Plaintiff seeks to add a claim for negligent misrepresentation against Marion. Plaintiff asserts that Marion is an indispensable and necessary party to this action because "his negligent actions caused or contributed to cause the loss sustained by Plaintiff." Pl.'s Reply at 1-2. Plaintiff moves to remand the case on the basis that Marion is a citizen of Missouri, and diversity jurisdiction is destroyed as a result of his joinder.

OM responds that both motions should be denied because plaintiff's proposed Amended Petition fails to state a claim against Marion on its face, and plaintiff is attempting to join Marion for the sole purpose of defeating diversity jurisdiction. OM states that plaintiff's proposed Amended Petition does not allege the required elements of negligent misrepresentation or the content of the alleged misrepresentations, and merely makes the conclusory assertion that Marion "negligently made misrepresentations on said application." OM also asserts, without citation to supporting authority, that plaintiff is asserting a fraud claim and therefore is required to state with particularity the circumstances constituting fraud under Rule 9(b), Fed. R. Civ. P.

**Discussion**

Rule 15 of the Federal Rules of Civil Procedure governs amended pleadings. Rule 15(a) provides in pertinent part:

> (1) **Amending as a Matter of Course**. A party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar. (2) **Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Rule 15(a), Fed. R. Civ. P.

Although leave to amend is to be freely granted under Federal Rule of Civil Procedure 15(a), the Court has discretion whether or not to grant leave to amend. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (citing Foman

2

v. Davis, 371 U.S. 178, 182 (1962)); Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 224 (8th Cir. 1994).

As a threshold matter, plaintiff asserts that Marion is a necessary party under Rule 19, Fed. R. Civ. P. Rule 19(a) is titled "Persons Required to Be Joined if Feasible" and provides in pertinent part:

> (1) **Required Party**. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Rule 19(a), Fed. R. Civ. P.

This is an action for breach of an insurance contract and vexatious refusal to pay. Plaintiff seeks to assert a claim against Marion for negligent misrepresentation in connection with preparation of the insurance policy application. Marion is not a required party within the meaning of Rule 19, as the Court can accord complete relief among the existing parties, and Marion does not appear to claim an interest relating to the subject of the action.

Plaintiff's motion is more properly examined as one for permissive joinder of a party under Rule 20, Fed. R. Civ. P., which provides in relevant part:

> (a) **Persons Who May Join or Be Joined**.
>
> (1) *Plaintiffs*. Persons may join in one action as plaintiffs if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.
>
> (2) ***Defendants***.  Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Rule 20(a), Fed. R. Civ. P.

The Eighth Circuit has recently explained that when a district court is faced with a proposed amended pleading naming a new, nondiverse defendant in a removed case, the district court should scrutinize the proposed amendment more closely than an ordinary amendment.  Although Rule 15(a) provides that leave to amend should be freely given "when justice so requires," and Rule 20 permits joinder of proper parties, "[i]n this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits."  Bailey v. Bayer CropScience L.P., 563 F.3d 302, 309 (8th Cir. 2009) (quoting Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)).  Under this balancing test, the Court is also required to consider "1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether the plaintiff has been dilatory in asking for amendment, and 3) whether the plaintiff will be significantly injured if amendment is not allowed."  Bailey, 563 F.3d at 309 (brackets and quoted case omitted).

Under Rule 15(a), it is well established that good reason to deny leave to amend exists if the amendment would be futile.  Williams, 21 F.3d at 225.  A determination that an amendment is futile

means the Court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Cornelia I. Crowell GST Trust v. Possis Medical, Inc, 519 F.3d 778, 781-82 (8th Cir. 2008). In the fraudulent joinder context, the "court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 811 (8th Cir. 2003).

Under Missouri law, the elements of a negligent misrepresentation claim are:

(1) the speaker supplied information in the course of his business; (2) due to the speaker's failure to exercise reasonable care, the information was false; (3) the speaker intentionally provided the information for the guidance of a limited group of persons in a particular business transaction; (4) the listener justifiably relied on the information; and (5) as a result of such reliance, the listener suffered pecuniary loss.

Allen Quarries, Inc. v. Auge, 244 S.W.3d 781, 785 n.2 (Mo. Ct. App. 2008).

In the proposed Amended Petition, plaintiff makes the conclusory allegation that Marion negligently made misrepresentations on the decedent's application for life insurance coverage. The Amended Petition fails to set forth any set of facts which, if proven, could establish that Marion intentionally supplied false information on the application. Cf. Stein v. Novus Equities Co., __ S.W.3d __, 2009 WL 214342, *4 (Mo. Ct. App. Jan. 27, 2009) (petition failed to state a cause of action for negligent misrepresentation where it did not allege facts which, if proven, would establish that plaintiffs took or refrained from taking action in reliance on the alleged misrepresentations). The Amended Petition fails to state a claim for negligent misrepresentation under Missouri law, because it lacks specificity concerning the false nature of information allegedly supplied by Marion. See Moses.com Securities, Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1062 (8th Cir.

2005) ("plaintiff must allege factsSnot mere legal conclusionsSthat, if true, would support the existence of the claimed torts.").

Because the proposed Amended Petition fails to state a legally sufficient claim against Marion, plaintiff's Motion to File Amended Petition should be denied on the basis that it is futile. See Williams, 21 F.3d at 225. The corresponding Motion to Remand should also be denied. Both motions will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to File Amended Petition is **DENIED without prejudice**. [Doc. 14]

**IT IS FURTHER ORDERED** that plaintiff's Motion to Remand is **DENIED without prejudice**. [Doc. 15]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  23rd  day of June, 2009.